# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * | |
| VYACHESLAV ZARETSKIY, | No. 14-511V |
| Petitioner, | Special Master Christian J. Moran |
| v. | |
| | Filed: August 28, 2015 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Influenza vaccine; failure to prosecute; insufficient proof |
| Respondent. | |
| * * * * * * * * * * * * * * * * * * * | |

<u>Leah VaSahnja Durant</u>, Law Offices of Leah V. Durant, for petitioner;
<u>Traci R. Patton</u>, United States Dep't of Justice, Washington, D.C., for respondent.

## **UNPUBLISHED DECISION DENYING COMPENSATION**[1]

     Vyacheslav Zaretskiy filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300aa-10 through 34 (2012), on June 16, 2014. His petition alleged that he developed injuries related to the flu vaccine on June 21, 2012. Pet. at 1. The information in the record, however, does not show entitlement to an award under the Program.

### I. **Procedural History**

     A detailed procedural history of this case can be found in the order to show cause, filed May 4, 2015. In that order, Mr. Zaretskiy was instructed to show cause as to why his case should not be dismissed by June 3, 2015. To date, Mr.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Zaretskiy has not responded.  On August 28, 2015, respondent moved to dismiss the case for insufficient proof.

## II.   Analysis

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute his case, the Court may dismiss the case.  Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Additionally, to receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence of the type of injury suffered.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, petitioner has not offered no such medical records or opinion.  Accordingly, it is clear from the record in this case that Mr. Zaretskiy has failed to demonstrate either that he suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination.

**Thus, this case is dismissed for failure to prosecute and for insufficient proof.  The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Shannon Proctor, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master